On July 28, 1922, real estate situated at 1704 Kilbourne Place, Washington, D. C., was sold and the net amount of cash received, $919.12, was deposited in the bank to the credit of the taxpayer. The property sold did not belong to the taxpayer but was the property of the Pilocura Co., and the money received belonged to that company.

During 1922 the Pilocura Co. authorized the taxpayer to purchase for its account property situated at 1703 Irving Street, Washington, D. C. This property was sold in May, 1923, and the net amount of cash received, $3,341.25, was deposited to the credit of the taxpayer. This money belonged to the Pilocura Co., and did not belong to the taxpayer.

During 1923 the taxpayer received the sum of $394.19, which was deposited in the bank in her own name. This amount was received by her as treasurer of the White Cross Society, a charitable organization, and was not the property of the taxpayer.

#### DECISION.

The deficiency determined by the Commissioner is disallowed.

---

## APPEAL OF JOHN C. MOORE CORPORATION.

Docket No. 3437.   Submitted August 1, 1925.   Decided January 22, 1926.

*Kendall B. Castle, Esq.*, for the taxpayer.
*Benj. H. Saunders, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income and profits tax for the calendar years 1918, 1919, and 1920, in the amounts of $2,128.71, $1,886.39, and $6,975.75, respectively. The deficiency for 1918 is not questioned, and, of the total deficiencies for 1919 and 1920, only approximately $800 and $5,600, respectively, are involved in the issue raised by the appeal.

The taxpayer alleges that the Commisioner erred in refusing to allow it to deduct as an expense, or as a loss, the amounts of $2,000 in 1919 and $14,000 in 1920, claimed to have been the amounts paid by it in excess of the value of certain real property purchased on December 26, 1912, under an agreement to pay to the person from whom the property was purchased $10,000 each year during her life, which annual payment was increased in 1916 to $14,000 a year.

#### FINDINGS OF FACT.

Taxpayer is a New York corporation with principal office at Rochester. For some time prior to December, 1912, it had occupied,

under lease from Hattie I. Moore, a certain building located at 69 Stone Street, at an annual rental of $5,000, in addition to the cost of all repairs, taxes, and carrying charges. On December 26, 1912, an agreement was entered into between the taxpayer, as party of the first part, and Hattie I. Moore, owner of the property, as party of the second part, as follows:

Whereas the party of the second part has prepared and executed a deed dated June 17, 1912, for the purpose of conveying to the party of the first part the building and premises in the City of Rochester, County of Monroe, and State of New York, occupied by the party of the first part under lease from the party of the second part, but said deed has not yet been delivered.

Now therefore, in consideration of the conveyance of said premises and the delivery of said deed, the party of the first part hereby covenants with the party of the second part that it will pay to the party of the second part the rent of said premises as reserved in said lease to the 31st day of January, 1913, and thereafter it will pay to the party of the second part the sum of Ten Thousand Dollars ($10,000) per annum during her lifetime, such payments to be made in monthly installments.

Pursuant to the above agreement, Hattie I. Moore executed and delivered to the taxpayer a warranty deed to the property in question, and thereafter, from 1913 to 1916, inclusive, received from the corporation $10,000 per annum. Hattie I. Moore was born in 1858 and, on the date of the contract and conveyance of the property by her to the taxpayer, she was in very poor health. The condition of her health continued to decline and, in the latter part of 1916, she contended that, for this reason, the taxpayer should increase the annual payment to $14,000, which it did; and that amount was paid to her from January 1, 1917, to 1920, inclusive. The value of the property at the time it was acquired and on March 1, 1913, was $80,000. The value of an annuity of $10,000 for the life of Hattie I. Moore on January 1, 1913, was $106,173.96. Her life expectancy was 17.4 years.

The taxpayer capitalized the total annual payments made in the years from 1913 to 1918, inclusive, and $12,000 of the payment made in 1919, amounting to the sum of $80,000, and deducted the remaining $2,000 of the 1919 payment and the payment of $14,000 in 1920 as expenses in those years. The Commissioner disallowed the deduction of the payments of $2,000 and $14,000, and held that, notwithstanding the value of the property at the time it was acquired, the payments made during the life of Hattie I. Moore constituted a part of the purchase price agreed to be paid for the property and should be capitalized.

### DECISION.

The determination of the Commissioner is approved.

104881—27——31